DELILAH VINZON, Cal. Bar No. 222681
    dvinzon@ftc.gov
MATTHEW FINE, Cal. Bar No. 300808
    mfine@ftc.gov
Federal Trade Commission
10990 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Tel: (310) 824-4300; Fax: (310) 824-4380

Attorneys for Federal Trade Commission

JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>          Plaintiff,<br><br>          v.<br><br>1661, INC., dba GOAT,<br>a corporation,<br><br>          Defendant. | Case No. 2:24-cv-10329-DDP (JCx)<br><br>ORDER ON STIPULATION FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF [4] |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief ("Complaint") for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b. Defendant has waived service of the summons and the Complaint. The Commission and Defendant stipulate to the entry of the Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendant participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, by (i) misrepresenting the protections and relief available in the event that a consumer receives a Deficient Product; and (ii) failing to implement customer service practices to support the assurances made to consumers regarding Deficient Products.

3.      The Complaint also charges that Defendant participated in deceptive or unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and of the Commission's Trade Regulation Rule Concerning the Sale of Mail, Internet, or Telephone Order Merchandise (the "Rule"), 16 C.F.R. Part 435, by, among other things, failing to ship merchandise within the timeframe required by the Rule.

4.      Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

5.      Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

6.      Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.      "Applicable Time Period" means the time stated in Defendant's solicitation or within 30 days of Receipt of a Properly Completed Order if no time is stated in the solicitation.

B.   "Clearly and Conspicuously" means that a required disclosure is easily noticeable (i.e., difficult to miss) and easily understandable by ordinary consumers, including in all of the following ways:

1.   In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2.   A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3.   An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4.   In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5.   The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6.   The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7.   The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8.     When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes members of that group.

C.     "Deficient Products" means products that are received by consumers and are incorrect, incomplete, or do not otherwise match the descriptions, images, and representations on Defendant's website or app.  Deficient Products include products deemed ineligible for return under Defendant's ordinary return policies, such as products listed as used or final sale, unless such products are Clearly and Conspicuously excluded from Defendant's representations related to Deficient Products.

D.     "Defendant" means 1661, Inc. dba GOAT and its successors and assigns.

E.     "Eligible Customer" means any consumer who placed an order for merchandise with Defendant and paid for Instant (Standard) or Next Day shipping, where the merchandise was neither shipped within the represented period of time nor delivered within the represented period of time, and who has not already been fully compensated for purported late shipment or delivery of that order.

F.     "Eligible Shipping Claim" means the amount paid by an Eligible Customer for Instant (Standard) or Next Day shipping, where the merchandise was neither shipped within the represented period of time nor delivered within the represented period of time, where the customer has not already been fully compensated for purported late shipment or delivery of that order.

G.     "Mail, Internet, or Telephone Order Sale" means any sale in which the buyer has ordered merchandise from Defendant by mail, via the Internet, or by Telephone, regardless of the method of payment or the method used to solicit the order.  Exceptions:

1.     Subscriptions, such as magazine sales, ordered for serial delivery, after the initial Shipment is made in compliance with this Order;

2.     Orders of seeds and growing plants;

- 3 -

3.     Orders made on a collect-on-delivery (C.O.D.) basis; and

4.     Transactions that Defendant can demonstrate are governed by the Commission's Trade Regulation Rule entitled "Use of Prenotification Negative Option Plans," 16 C.F.R. Part 425.

H.     "Option" means an offer made Clearly and Conspicuously and without prior demand.

I.     "Prompt," in the context of a Refund, means a Refund sent by any means at least as fast and reliable as first class mail within 7 working days of the date on which the buyer's right to refund vests under the provisions of this Order. Provided, however, that where Defendant cannot provide a Refund by the same method payment was tendered, Prompt Refund means a Refund sent in the form of cash, check, or money order, by any means at least as fast and reliable as first class mail, within 7 working days of the date on which Defendant discovers Defendant cannot provide a Refund by the same method as payment was tendered.

J.     "Protected Products" means products for which Defendant offers special protections beyond those offered in its ordinary return policies.

K.     "Receipt of a Properly Completed Order" means, where the buyer tenders full or partial payment in the proper amount in the form of cash, check, or money order; authorization from the buyer to charge an existing charge account; or other payment methods, the time at which Defendant receives both said payment and an order from the buyer containing all of the information needed by Defendant to process and Ship the order.  Provided, however, that where Defendant receives notice that a payment by means other than cash or credit as tendered by the buyer has been dishonored or that the buyer does not qualify for a credit sale, Receipt of a Properly Completed Order means the time at which:  (1) Defendant receives notice that a payment by means other than cash or credit in the proper amount tendered by the buyer has been honored; (2) the buyer tenders cash in the proper amount; or (3) Defendant receives notice that the buyer qualifies for a credit sale.

- 4 -

L.    "Refund" means:

1.    Where the buyer tendered full payment for the unshipped merchandise in the form of cash, check, or money order, a return of the amount tendered in the form of cash, check, or money order sent to the buyer;

2.    Where there is a credit sale:

a.    And Defendant is the creditor, a copy of a credit memorandum or the like or an account statement sent to the buyer reflecting the removal or absence of any remaining charge incurred as a result of the sale from the buyer's account;

b.    And a third party is the creditor, an appropriate credit memorandum or the like sent to the third-party creditor which will remove the charge from the buyer's account and a copy of the credit memorandum or the like sent to the buyer that includes the date that Defendant sent the credit memorandum or the like to the third-party creditor and the amount of the charge to be removed, or a statement from Defendant acknowledging the cancellation of the order and representing that Defendant has not taken any action regarding the order which will result in a charge to the buyer's account with the third party;

c.    And the buyer tendered partial payment for the unshipped merchandise in the form of cash, check, or money order, a return of the amount tendered in the form of cash, check, or money order sent to the buyer.

3.    Where the buyer tendered payment for the unshipped merchandise by any means other than those enumerated in (1) or (2) of this definition:

a.    Instructions sent to the entity that transferred payment to Defendant instructing that entity to return to the buyer the amount

tendered in the form tendered and a statement sent to the buyer setting forth the instructions sent to the entity, including the date of the instructions and the amount to be returned to the buyer;

      b.     A return of the amount tendered in the form of cash, check, or money order sent to the buyer; or

      c.     A statement from Defendant sent to the buyer acknowledging the cancellation of the order and representing that Defendant has not taken any action regarding the order which will access any of the buyer's funds.

M.     "Ship," or any variation thereof, including "Shipment" or "Shipping," means the act by which the merchandise is physically placed in the possession of the carrier.

N.     "Telephone" refers to any direct or indirect use of the telephone to order merchandise, regardless of whether the telephone is activated by, or the language used is that of human beings, machines, or both.

O.     "Time of Solicitation" of an order means that time when Defendant has: (1) mailed or otherwise disseminated the solicitation to a prospective purchaser; (2) made arrangements for an advertisement containing the solicitation to appear in a newspaper, magazine, or the like or on radio or television which cannot be changed or canceled without incurring substantial expense; or (3) made arrangements for the printing of a catalog, brochure, or the like which cannot be changed without incurring substantial expense, in which the solicitation in question forms an insubstantial part.

## ORDER

## I.   INJUNCTION CONCERNING MAIL, INTERNET, OR TELEPHONE MERCHANDISE ORDERS

IT IS ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in

connection with Mail, Internet, or Telephone Order Sales, are permanently restrained and enjoined from:

    A.    Representing, without a reasonable basis, that Defendant will: (1) Ship ordered goods within the time stated in Defendant's solicitation; or (2) Ship ordered goods by any revised Shipping date provided to buyers.

    B.    Where the order solicitation does not Clearly and Conspicuously state a Shipping time, soliciting any order for the sale of merchandise without having a reasonable basis to expect that the goods will Ship within 30 days after Receipt of a Properly Completed Order.

    C.    Informing buyers that it is unable to make any representation regarding the length of any Shipping delay unless Defendant has a reasonable basis for so informing buyers.

    D.    Failing to provide buyers with the Option either to consent to the delay in Shipping or to cancel the order and receive a Prompt Refund where Defendant cannot Ship the ordered goods within the Applicable Time Period. Said Option must be provided within a reasonable time after Defendant becomes aware of its inability to Ship within the Applicable Time Period, but in no event later than the Applicable Time Period.

        1.    Provided however, that any such Option must either:

            a.    provide a definite revised Shipping date; or

            b.    where Defendant lacks a reasonable basis for providing a definite revised Shipping date, inform the buyer that:

                i.    Defendant is unable to make any representation regarding the length of the delay; and

                ii.    the reason(s) for the delay.

        2.    Where Defendant has provided a definite revised Shipping date, pursuant to Section I.D.1.a that is more than 30 days later than the Applicable Time Period, Defendant must also Clearly and

Conspicuously inform the buyer that the buyer's order will automatically be deemed to have been canceled unless:

    a.    Defendant has Shipped the merchandise within the Applicable Time Period, and Defendant has received no cancellation request prior to Shipment; or

    b.    The buyer has specifically consented to said Shipping delay within the Applicable Time Period.

3.    Where Defendant has informed the buyer that it cannot make any representation regarding the length of the delay pursuant to Section I.D.1.b, Defendant must also Clearly and Conspicuously inform the buyer that the buyer's order will automatically be deemed to have been canceled unless:

    a.    Defendant has Shipped the merchandise within 30 days of the Applicable Time Period, and Defendant has received no cancellation request prior to Shipment; or

    b.    the buyer has specifically consented to said Shipping delay within 30 days of the Applicable Time Period. Provided however, Defendant must also expressly inform the buyer that the buyer will have a continuing right to cancel the order at any time after the Applicable Time Period.

E.    Where the buyer has consented to a definite revised Shipping date pursuant to Section I.D, and Defendant becomes aware it is unable to Ship ordered goods by that date, failing to provide a renewed Option either to consent to a further delay or to cancel the order and receive a Prompt Refund. Said Option must be made within a reasonable time after Defendant first becomes aware of its inability to Ship before the said definite revised Shipping date, but in no event later than the expiration of the definite revised Shipping date.

1.     Provided however, that any such Option must provide a new definite revised Shipping date, unless Defendant lacks a reasonable basis for doing so.

2.     In such event, Defendant must also provide the notices required by Section I.D.1.b and Section I.D.3 of this Order.

F.    Failing to cancel any order and provide the buyer with a Prompt Refund:

1.     When Defendant has received a cancellation and Refund request from the buyer pursuant to Section I of this Order;

2.     Under the circumstances prescribed in Section I.D.2 and I.D.3;

3.     When Defendant fails to provide the Option required by Section I.D. and has not Shipped the merchandise within the Applicable Time Period; or

4.     When Defendant notifies the buyer that it has decided not to Ship the merchandise.

In any action brought alleging a violation of this Order, the failure of Defendant to have records or other documentary proof establishing its use of systems and procedures which assure, in the ordinary course of business, the Shipment of merchandise within any applicable time set forth in this Section and compliance with any other requirement of this Section will create a rebuttable presumption that Defendant failed to comply with said requirement.

## II.    INJUNCTION CONCERNING CERTAIN MERCHANDISE ORDER PRACTICES

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive notice of this Order, whether acting directly or indirectly, in connection with Mail, Internet, or Telephone Order Sales, are permanently restrained and enjoined from, assisting others in, expressly or by implication, misrepresenting:

A.    The date or speed by which the merchandise will be Shipped or received;

B.    The length of, or reason for, any Shipping delay;

C.    Any material aspect of any Refund, return, or cancellation policy; and

D.    Any other fact material to consumers regarding any good or service, including fees; costs; and any material restrictions, limitations, or conditions of purchase.

### III.    PROHIBITION AGAINST MISREPRESENTATIONS REGARDING RELIEF FOR RECEIPT OF DEFICIENT PRODUCTS

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A.    The extent of the relief that Defendant will provide if consumers receive Deficient Products; or

B.    That Defendant will prioritize or otherwise give special treatment to consumer concerns and requests related to Deficient Products, including that Defendants will:

1.    Respond to claims or requests within a certain period of time; or

2.    Distinguish such requests, claims, and inquiries from those unrelated to whether a received product is a Deficient Product.

### IV.    INJUNCTION CONCERNING CERTAIN CUSTOMER SERVICE PRACTICES

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with

any of them, who receive notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:

    A.    Making any representation, expressly or by implication, that Defendant will provide special protection for Protected Products, without:

        1.    Having a system in which requests, claims, inquiries, or any other consumer communication related to Protected Products are:

            i)    Distinguished by Defendant from other requests, claims, or inquiries; and

            ii)    Excepted from automated responses that deny relief under Defendant's ordinary return policies, including for return requests outside of any stated time period for returns or for used or final sale products, unless the denial of such relief is consistent with Defendant's Clear and Conspicuous policies regarding Protected Products; and

        2.    Having a simple mechanism for the buyer to request relief for Protected Products and obtain a resolution within a commercially reasonable time.

        3.    Offering consumers the Option to return Protected Products and receive a refund consistent with Defendant's Clear and Conspicuous policies regarding Protected Products, as soon as commercially reasonably possible, where consumers provide photos or otherwise reasonably establish that they received Protected Products.  Where consumers opt for a return and refund, such offer may be subject to Defendant's review of the returned product and determination that it is a Protected Product, so long as (i) the offer Clearly and Conspicuously states that the return is subject to such determination and (ii) Defendant does not unreasonably deny such determination.

B.      Denying requests to return or provide refunds or credit related to Deficient Products or Protected Products, based on:

1.      the fact that the product was purchased as a used or final sale product; or

2.      the timing of consumer's request,

unless a policy of denying such requests is stated Clearly and Conspicuously wherever Defendant makes representations about its respective policies regarding Deficient Products or Protected Products; and

C.      Misrepresenting, expressly or by implication:

1.      The reason for denying a request to return or provide a Refund related to Deficient Products or Protected Products;

2.      Whether a form of relief is available;

3.      Any material aspect of any credit, refund, return, or cancellation policy; or

4.      Any other material fact concerning requests related to Deficient Products or Protected Products.

## V.    MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of Two Million Thirteen Thousand Five Hundred Twenty-Seven Dollars ($2,013,527) is entered in favor of the Commission against Defendant, jointly and severally, as monetary relief.

B.      Defendant is ordered to pay the Commission, 60 days from the entry date of this Court Order, the amount of Two Million Thirteen Thousand Five Hundred Twenty-Seven Dollars ($2,013,527), less any amount of money that Defendant has successfully reimbursed and transferred to Eligible Customers for Eligible Shipping Claims pursuant to Section VII of this Court Order, plus any interest accrued since the entry date of this Court Order on monies held in escrow pursuant this Court Order. Defendant stipulates that it has placed in escrow with a

third-party escrow agent Two Million Thirteen Thousand Five Hundred Twenty-Seven Dollars ($2,013,527), for no purpose other than securing redress of Eligible Shipping Claims to Eligible Customers in accordance with this Court Order, with payment of the undistributed remainder, if any, to the Commission.

C.     The agreement governing the escrow fund must provide that: (1) the escrow account is established for the purposes of securing redress of Eligible Shipping Claims to Eligible Customers and reimbursing Defendant for amounts that it has reimbursed directly to Eligible Customers pursuant to this Court Order; (2) Defendant may only withdraw funds from the escrow account equal to amounts it has successfully reimbursed to Eligible Customers; (3) the escrow account transfers all remaining funds (less any amounts Defendant reimbursed to Eligible Customers and for which Defendant has not already received reimbursement from the escrow account), including any interest that has accrued in the escrow account, to the Commission at the end of the redress period, which runs for 60 days after the entry date of this Court Order; and (4) as many Eligible Customers as practicable receive reimbursement.   If an agreement governing an escrow account funded pursuant to this Subsection ceases to comply with any of the criteria set forth in this Subsection V.D, or such escrow account ceases to be administered in compliance with all of the criteria stated above, Defendant must immediately pay the escrowed amount directly to the Commission.

D.     No other amounts will be credited, offset against, or reimbursed or deducted from the amount to be reimbursed to Eligible Customers or to be paid to the Commission pursuant to Subsection V.B. above, including:  (1) amounts paid by Defendant for the administration or implementation of the redress program; (2) amounts paid by Defendant on reimbursement checks negotiated more than a year from the entry date of this Order; or (3) goods or services provided by Defendant to Eligible Customers.

///

///

## VI.   ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.     Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

C.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.     Defendant acknowledges that its Employer Identification Number or other Taxpayer Identification Number ("TIN"), including all TINs that Defendant previously provided, may be used for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order in accordance with 31 U.S.C. § 7701.

E.     All money received by the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief (including consumer information remedies) as it determines to be reasonably related to Defendant's practices alleged in the Complaint.  Any money not used for relief is to be deposited to the U.S. Treasury as a civil penalty.  Defendant has no right to

challenge any actions the Commission or its representatives may take pursuant to this Subsection.

### VII. NOTICES AND REIMBURSEMENTS TO CUSTOMERS

IT IS FURTHER ORDERED that Defendant must notify and reimburse Eligible Shipping Claims to Eligible Customers as set forth below:

A.    Defendant must identify all Eligible Customers with an Eligible Shipping Claim as soon as possible.

      1.    Such Eligible Customers, and their contact information, must be identified to the extent such information is in Defendant's possession, custody or control, such as from third parties, including Defendant's payment processor(s) and information received from customers themselves.

      2.    Such Eligible Customers include those identified at any time, including after the redress period, which runs for 60 days after the entry date of this Order.

B.    Defendant must notify and reimburse the full amount of any Eligible Shipping Claim to each Eligible Customer.  Defendant will not access the escrow fund to provide such reimbursements, but may withdraw funds from the escrow fund equal to amounts it has successfully reimbursed to Eligible Customers through reverse charges made to the Eligible Customers' financial accounts (e.g., bank accounts, credit cards, PayPal accounts, etc.) and through checks sent to and negotiated by the Eligible Customers.  Defendant must notify and provide reimbursement to identified Eligible Customers with an Eligible Shipping Claim within 30 days after the entry date of this Court Order.

      1.    Defendant may attempt to reimburse each Eligible Customer electronically, transmitting the full amount of any Eligible Shipping Claim directly to the Eligible Customer's last known valid financial account on file with Defendant, including by effectuating a reverse charge on the Eligible Customer's credit card or other financial account.

For avoidance of doubt, credit to the Eligible Customer's GOAT account or other transmission that restricts the Eligible Customer's access to the full amount of the Eligible Shipping Claim is not permitted.

2.      For each electronic reimbursement, Defendant must cause a notice to be sent to that Eligible Customer's last known email address at least 3 days before the reimbursement is transmitted.  Such notices must be in the form shown in **Attachment A,** or in such form approved in writing by the Commission or its designee, and the subject line shall read "Important: Notice of Refund from GOAT."  If the emailed notice is returned as undeliverable or is otherwise not successfully delivered, Defendant must mail or cause the notice to be mailed to the Eligible Customer's last known mailing address.

3.      Defendant shall not void any Eligible Shipping Claim unless and until the Eligible Customer has received an electronic reimbursement.

4.      The mailing or emailing of notices must not include any information not specified in this Order, including any enclosures or any written statement, illustration, or deception that promotes the sale of a good or service or is designed to increase consumer interest in a brand, good, or service.

C.      Defendant's notices must include an email address dedicated to responding to redress inquires.  Defendant must respond promptly and accurately to inquiries about redress, including: (1) whether a consumer is an Eligible Customer or has an Eligible Shipping Claim; (2) and if so, the redress required by this Order and steps taken to redress that customer.  Defendant must not sell or attempt to sell any good or service through the redress program, including in response to consumer inquiries relating to redress eligibility.

D.      Defendant must report on its notification and redress program under penalty of perjury:

1.    Defendant must submit a first report 45 days after the entry date of this Order, summarizing its compliance as of that date and reporting the following totals and corresponding dollar amounts: (1) Eligible Customers and Eligible Shipping Claims identified; (2) reimbursements sent electronically (including through reverse charges to credit cards and other financial accounts); and (3) Eligible Customers who have not been reimbursed for Eligible Shipping Claims.

2.    Defendant also must submit an additional report within 15 days following the first report, summarizing its compliance as of that date and reporting the totals and corresponding dollar amounts referenced above in Section VII.D.1, in addition to (1) contact information and amount of unpaid Eligible Shipping Claim for Eligible Customers who have not been reimbursed for Eligible Shipping Claims, and (2) the amount paid to the Commission at the end of the redress period.

3.    If a representative of the Commission requests any information regarding the redress program, including but not limited to underlying customer reimbursement data, Defendant must submit it within 14 days of the request.

E.    The dollar amount in Subsection V.B of this Order shall become immediately due and payable to the Commission if Defendant fails to timely comply with the requirements of Section VII of this Order.

## VIII.  CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to

redress, Defendant must provide it, in the form prescribed by the Commission, within 14 days.

## IX.    ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtains acknowledgments of receipt of this Order:

A.    Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 3 years after entry of this Order, Defendant must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X.    COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant makes timely submissions to the Commission:

A.    One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury:

        i    Defendant must: (a) identify the primary physical, postal, and email addresses and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's

businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.    For 10 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.    Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D.    Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.    Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade

Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. 1661, Inc. d/b/a GOAT.

## XI. RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant, in connection with Mail, Internet, or Telephone Order Sales, or customer requests related to Deficient Products or Protected Products, must create and retain the following records:

A.    accounting records showing the revenues from all goods or services sold;

B.    personnel records showing, for each person providing services related to the subject matter of the Order, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.    records of all consumer complaints and refund requests concerning the subject matter of this Order, whether received directly or indirectly, such as through a third party, and any responses or related communications;

D.    all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.    a copy of each unique advertisement or other marketing material disseminated by Defendant related to shipping, refunds, returns of merchandise, or buyer protection.

## XII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

A.    Within 14 days of receipt of a written request from a representative of the Commission, Defendant must: submit additional compliance reports or other

- 20 -

requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including depositions by remote means), 31, 33, 34, 36, 45, and 69.

        B.     For matters concerning this Order, the Commission are authorized to communicate directly with Defendant.  Defendant must permit representatives of the Commission to interview any employee or other person affiliated with Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

        C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIII.  RETENTION OF JURISDICTION

        IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

        IT IS SO ORDERED, this 12th day of December, 2024.

_____
HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

# ATTACHMENT A

[Email Subject Line]

      You're Getting a Refund from GOAT

 [Email Body]

You placed an order with GOAT between [date] and [date] and paid for expedited shipping. Your product shipped late.  The Federal Trade Commission filed a lawsuit against us addressing late shipping and we settled the case.

We're going to refund you for the expedited shipping cost you paid. Within the next three business days, we'll send that money to the original form of payment you used.

If you have questions about your refund, you can visit [goat.com/to be determined] or email us at [to be determined@goat.com].

Thank you,

GOAT